IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Edmundo Andrada-Pastrano,  )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Petitioner,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>Kathy Waters, et al.,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Respondents.　　　　　　)<br>　　　　　　　　　　　　　　　　　) | No. CV-12-2401-PHX-DGC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the Court on Petitioner's *pro se* Second Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his criminal conviction in the Maricopa County Superior Court, State of Arizona, Case No. CR 91-07525. (Doc. 13)  Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus and Petitioner has filed a Reply. (Docs. 19, 20)  As explained below, the undersigned Magistrate Judge recommends the Second Amended Petition be denied as untimely.

**I. Background**

　　**A. Indictment, Guilty Plea and Sentencing**

　　　　On September 18, 1991, a Maricopa County grand jury indicted Petitioner on one count of Sexual Conduct with a Minor, a Class Two felony and Dangerous Crime Against Children (Count One), and one count of Sexual Conduct with a Minor, a Class Six felony (Count Two). (Doc. 19, Exh. A)  The first count alleged Petitioner intentionally or knowingly

1 engaged in sexual intercourse with a child under the age of fourteen. (*Id.*)  The second count
2 alleged the same conduct with a minor fourteen years of age or over. (*Id.*)  On November 4,
3 1992, Petitioner pled no contest to Amended Count One, Attempted Sexual Abuse, a Class
4 Four felony and Dangerous Crime Against Children.[1] (Doc. 19, Exh. I, J)  Pursuant to the
5 stipulation in the plea agreement, Petitioner was sentenced on December 7, 1992, to seven
6 years probation including, as a term of probation, incarceration for four months in the
7 Maricopa County Jail.[2] (Doc. 19, Exh. L)

**B. State Post-Conviction Proceedings[3]**

9 As Petitioner concedes in the Second Amended Petition, doc. 13 at 4, he filed nothing
10 in the State court challenging his conviction until he filed his first Notice of Post-Conviction
11 Relief on January 30, 2008. (Doc. 19, Exh. P)  The trial court determined the notice was
12 untimely and dismissed it. (Doc. 19, Exh. Q)  After Petitioner filed an Addendum to Notice
13 of Post-Conviction Relief, which contained an affidavit from Petitioner's counsel at the time
14 of his 1992 plea agreement, the trial court vacated its prior order and reinstated Petitioner's
15 post-conviction proceedings. (Doc. 19, Exh. R, S)  Through counsel, Petitioner then
16 submitted a Supplemental Petition for Post-Conviction Relief on July 7, 2008. (Doc. 19, Exh.
17 T)  After briefing was completed, the trial court denied the petition as untimely. (Doc. 19,
18 Exh. W)  The trial court explained that Petitioner had ninety days after the entry of judgment
19 and sentence, which occurred on December 7, 1992, to file a notice of post-conviction relief.

---

[1] Petitioner had previously entered a different plea agreement but was allowed to withdraw following a hearing before the Honorable Robert L. Gottsfield. (Doc. 19, Exh. C, D and E)

[2] The Honorable Susan R. Bolton presided over the change-of-plea hearing and sentencing.

[3] By entering a plea agreement, Petitioner waived his right to file a direct appeal. *See* A.R.S. § 13-4033(B). The law on this issue had just changed before Petitioner entered his plea agreement in November 1992. *See State v. Stevens*, 173 Ariz. 494, 495 (Az.Ct.App. 1992) (holding that the Arizona Court of Appeals retained direct appeal jurisdiction over convictions imposed pursuant to plea agreements entered before September 30, 1992).

(*Id.*) The trial court further found that Petitioner's untimely notice failed to satisfy the standards for newly discovered evidence or any of the other exceptions under which an untimely notice may be allowed. (*Id.*) (citing Ariz.R.Crim.P. 32.4(a)) Through counsel, Petitioner filed a Petition for Review in the Arizona Court of Appeals on March 24, 2009. (Doc. 19, Exh. X) After briefing, the Court of Appeals denied review on May 20, 2010. (Doc. 19, Exh. Z) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 13 at 5)

On October 14, 2010, Petitioner filed a second Notice of Post-Conviction Relief. (Doc. 19, Exh. BB) The trial court dismissed the notice on November 3, 2010, after determining it was untimely. (Doc. 19, Exh. CC) The trial court also denied a subsequent Motion for Rehearing and Addendum. (Doc. 19, Exh. JJ) A Petition for Review to the Arizona Court of Appeals was denied on September 20, 2012. (Doc. 19, Exh. EE, MM) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 13 at 5)

While the petition for review in the second post-conviction proceedings was still pending, Petitioner filed a third Petition for Post-Conviction Relief on August 18, 2011. (Doc. 19, Exh. KK) On September 8, 2011, the trial court again ruled the petition was untimely. (Doc. 19, Exh. LL) Petitioner did not seek further review of the trial court's denial of the petition. (Doc. 13 at 5)

**C. Federal Habeas Petition**

On November 1, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[4] (Doc. 1) After the assigned District Judge dismissed the petition with leave to amend, Petitioner filed an Amended Petition on February 28, 2013. (Doc. 3, 4) Petitioner was subsequently granted leave to file a Second Amended Petition, which he submitted on August 19, 2013. (Doc. 12, 13) Petitioner identifies five grounds for relief in the Second

---

[4] The docket reflects the original petition was actually filed on November 9, 2012. (*Id.*) The November 1, 2012 filing date is the date Petitioner signed the original petition, doc. 1 at 15, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

1 Amended Petition. In Ground One, Petitioner alleges ineffective assistance of counsel in
2 violation of the Sixth Amendment based on his counsel's alleged failure to adequately
3 investigate the nature of the medical records relied on by the State to induce Petitioner's no
4 contest plea. In Ground Two, Petitioner alleges prosecutorial misconduct in violation of the
5 Due Process Clause of the Fifth and Fourteenth Amendments. He claims the prosecutor
6 withheld exculpatory evidence that could have been used to show a pattern by the victims
7 to make false claims of rape. In Ground Three, Petitioner alleges that two police reports
8 pertaining to sex offense allegations by the alleged victims against other men constitute
9 newly discovered evidence. In Ground Four, Petitioner does not allege a claim for relief but
10 instead appears to be explaining circumstances regarding the timeliness of the habeas
11 petition. Finally, in Ground Five, Petitioner alleges ineffective assistance of counsel by the
12 attorney who represented him in his first State post-conviction proceedings. Petitioner claims
13 the attorney failed to conduct a sufficient investigation to support his post-conviction relief
14 claims.

15 On December 27, 2013, Respondents filed their Limited Answer and supporting
16 exhibits. (Doc. 19)  Petitioner then filed his Reply on January 16, 2014. (Doc. 20)

17 **II. Discussion**

18 Respondents argue the Second Amended Petition should be dismissed as time-barred
19 because it was not filed within the statute of limitations period. Alternatively, Respondents
20 contend Petitioner's claims are procedurally defaulted. Because the information presented
21 clearly establishes the petition was filed after the limitations period expired, the undersigned
22 Magistrate Judge finds the petition is barred and recommends it be denied on that basis. It
23 is, therefore, unnecessary to address Respondents' alternative argument.

24 **A. Legal Standards**

25 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[5] imposes a
26 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

27
28     [5] The AEDPA, which was enacted on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

- 4 -

*See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their habeas petitions. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, absent any tolling, the deadline to file a habeas petition under such circumstances was April 24, 1997. *Id.* at 1246.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was

1 entitled to tolling from the date when the Notice was filed. The district court erred in
2 dismissing his petition as untimely."). Filing a new petition for post-conviction relief,
3 however, does not reinitiate a limitations period that ended before the new petition was filed.
4 *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

5       State post-conviction petitions rejected as untimely by the state court are not "properly
6 filed" under § 2244(d)(2), and do not toll the statute of limitations. *Pace v. DiGuglielmo*, 544
7 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as
8 untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §
9 2244(d)(2)."). "When a post-conviction petition is untimely under state law, 'that [is] the end
10 of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

11       The AEDPA statute of limitations is subject to equitable tolling in appropriate cases.
12 *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner
13 must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary
14 circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562
15 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

16     **B. Analysis**

17     **1. Limitations Period**

18       Here, Petitioner was convicted and sentenced on December 7, 1992. (Doc. 19, Exh.
19 L) Although Petitioner waived his right to a direct appeal by entering a plea agreement, he
20 could have filed an "of-right" petition for post-conviction review under Arizona Rule of
21 Criminal Procedure 32 within ninety days of the judgment of conviction, but failed to do so.
22 *See* Ariz.R.Crim.P. 32.4(a). This "of-right" post-conviction petition is a form of "direct
23 review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d
24 710, 711 (9th Cir. 2007). By failing to file an "of-right" petition, Petitioner's judgment of
25 conviction became final upon the expiration of the ninety-day period, which would have been
26 sometime in March 1993. *See id.*

27       Because Petitioner's conviction became final in 1993, well before the AEDPA was
28 enacted in 1996, Petitioner had a one-year grace period, until April 24, 1997, to file a habeas

- 6 -

1  petition. *See Patterson*, 251 F.3d at 1245. As indicated above, Petitioner first submitted his
2  Petition for Writ of Habeas Corpus to this District Court on November 1, 2012, more than
3  fifteen years after the deadline.

4  Additionally, statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2)
5  is inapplicable here. Petitioner's first notice of post-conviction relief was not filed until
6  January 30, 2008, almost eleven years after the statute of limitations grace period had
7  expired. As a result, neither the first notice of post-conviction relief, nor subsequent notices,
8  tolled, or otherwise had an impact on, the limitations period. *See Ferguson*, 321 F.3d at 823.
9  For these reasons, the Second Amended Petition is untimely.

10  Petitioner argues in the Reply that the limitations period should be calculated to run
11  from "the date on which the factual predicate of the claim or claims presented could have
12  been discovered through the exercise of due diligence." (Doc. 20 at 14) *See* 28 U.S.C. §
13  2244(d)(1)(D). Petitioner contends that two police reports from 1992 show the victims in his
14  case also made sex offense allegations against other men and that his habeas claims of
15  ineffective assistance could not have been advanced until the police reports were obtained.
16  (Doc. 13 at 18-19; Doc. 20 at 14-15) Petitioner claims his counsel from 1992, John Blischak,
17  submitted an affidavit in 2008 in support of Petitioner's first request for post-conviction relief
18  in which counsel stated he requested discovery from the State in 1992 but never received
19  police reports showing other incidents in which the same victims made sex offense
20  allegations against other men. (Doc. 13 at 18-19) Counsel further states in the affidavit that
21  if he had been aware of the police reports, he would not have advised Petitioner to plead
22  guilty. (*Id.*)

23  However, as the trial court found when Petitioner attempted to argue that this
24  information constituted newly discovered evidence, Petitioner knew of allegations against
25  other men when he entered his plea agreement in 1992 because two of the men were listed
26  as trial witnesses on his behalf. (Doc. 19, Exh. W) Moreover, when Petitioner was seeking
27  to withdraw from his first plea agreement, his letter to Judge Gottsfield, dated April 28, 1992,
28  stated it had come to Petitioner's attention that the victims "have recently filed similar

1 charges against two other men." (Doc. 19, Exh. D) Thus, although Petitioner may not have
2 obtained the actual police reports until later, he knew at the time of his plea agreement that
3 the victims had made allegations against other men. Accordingly, to the extent this
4 information provides the factual predicate for any of Petitioner's habeas claims, Petitioner
5 does not benefit from calculating the limitations period to run from "the date on which the
6 factual predicate of the claim or claims presented could have been discovered through the
7 exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1).

8 Moreover, even if this Magistrate Judge accepted Petitioner's contention that it was
9 the actual receipt of the police reports that provided the factual predicate for his habeas
10 claims, his habeas petition would still be untimely. Petitioner had the police reports, and the
11 affidavit from his counsel, when he filed his first petition for post-conviction relief in State
12 court in February 2008 (Doc. 19, Exh. P, R) Thus, even if the limitations period began to run
13 at that time, it would have expired in February 2009 and the habeas petition would still be
14 more than three years late. The petitions for post-conviction relief filed by Petitioner in the
15 State court would not have tolled the limitations period because the State court found each
16 of them to be untimely, and thus not "properly filed." *See Pace*, 544 U.S. at 417 ("Because
17 the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,'
18 and he is not entitled to statutory tolling under § 2244(d)(2)."). Accordingly, even assuming
19 the factual predicate of Petitioner's habeas claims could not have been discovered through
20 the exercise of due diligence until Petitioner received the police reports, the habeas petition
21 is still untimely.

22 **2. Equitable Tolling**

23 As referenced above, the limitations period set forth in § 2244(d) is subject to
24 equitable tolling where a petitioner shows he has been pursuing his rights diligently and that
25 extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct.
26 at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary
27 circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.
28 2009). Equitable tolling is not available in most cases. *Miranda v. Castro*, 292 F.3d 1063,

1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal sophistication and stating: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*, 558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia*, *Holland*, 130 S.Ct. at 2562).

Here, Petitioner has failed to show extraordinary circumstances stood in his way and prevented him from filing a timely petition. In the section of the Second Amended Petition that directed Petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar the Petition, Petitioner claims external factors prevented him from filing a timely habeas petition. (Doc. 13 at 22) He contends the State withheld exculpatory evidence, specifically the police reports. (Doc. 13 at 22)  As discussed above, however, Petitioner knew about this information well in advance of the statute of limitations deadline. Accordingly, this Magistrate Judge finds no basis to apply equitable tolling here.

**C. Conclusion**

For the foregoing reasons, the undersigned Magistrate Judge finds Petitioner

submitted his habeas petition after the limitations period expired, and the circumstances do not support the application of statutory or equitable tolling. Consequently, the Second Amended Petition is barred by the AEDPA's statute of limitations.

Based on the foregoing,

**IT IS RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, doc. 13, be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Second Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 24th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge