IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Edmundo Andrada-Pastrano,<br><br>            Petitioner,<br>vs.<br><br>Kathy Waters, et al.,<br><br>            Respondents. | No. CV-12-02401-PHX-SPL<br><br>**ORDER** |

Before the Court is Petitioner Gerardo Edmundo Andrada-Pastrano's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 13). The Honorable Lawrence O. Anderson, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 23), recommending that the petition be denied with prejudice; Petitioner has objected to the R&R (Docs. 25, 29, 31). For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

In 1991, Petitioner was indicted in the Maricopa County Superior Court, Case No. CR 1991-007525, of two counts of sexual conduct; one count for sexual conduct with a minor under the age of fourteen, and one count for sexual conduct with a minor over the age of fourteen. (Doc. 19-1, Exh. A.) On November 4, 1992, Petitioner entered in to a plea of no contest to an amended count of attempted sexual abuse, a dangerous crime against children in the second degree and class 4 felony. (Doc. 19-1, Exhs. I, J.) Pursuant to a stipulation in the plea agreement, on December 7, 1992, Petitioner was sentenced to a

period of 4-months' incarceration, followed by seven years' probation. (Doc. 19-1, Exh. L.)

On November 1, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in District Court (Doc. 1), and filed a Second Amended Petition on August 19, 2013 (Docs. 12, 13), in which he raises five grounds for relief. Respondents filed an Answer (Doc. 19), arguing that the petition should be dismissed as untimely, and alternatively, that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

**II.     Standard of Review**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.    Discussion**

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody

---

[1] The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

### A. Commencement of Limitations Period

Petitioner was sentenced in 1992, and his conviction became final upon the expiration of the time for seeking an "of-right" petition for post-conviction review under Rule 32 of the Arizona Rules of Criminal Procedure in 1993. *See* Ariz. R. Crim. P. 32.4(a), 32.9(c); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007); *Gonzalez v. Thaler*, 565 U.S. __, 132 S. Ct. 641, 656 (2012). Because Petitioner's conviction became final well before the enactment of the AEDPA however, the limitations period did not commence until the day after it became effective, April 25, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

Petitioner objects to the R&R on the basis that the limitations period should be calculated from the date of discovery of the factual predicate of his claim. *See* 28 U.S.C. § 2244(d)(1)(D) (the 1-year limitations period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). (Doc. 31 at 2.) Namely, Petitioner points to his discovery of 1992 police reports that show the victims in his case made similar allegations against two other men. He maintains that his federal habeas claims could not have been advanced until he obtained those police reports in 2008. As addressed by the Magistrate Judge however, Petitioner had listed these men as trial witnesses on his behalf (*see* Doc. 19-1, Exh. W), and was aware that charges had been brought against them (*see* Doc. 19-1, Exh. D) prior to accepting a plea. Thus, although Petitioner may not have obtained a copy of the police reports until 2008, he was aware of the facts underlying claims at the time his judgment became final. Petitioner therefore cannot benefit from calculation under 28 U.S.C. § 2244(d)(1). Absent any tolling, it follows that the 1-year limitations period expired in April 1997.

### B. Statutory Tolling of Limitations Period

Petitioner's first notice of post-conviction relief was not filed until January 30,

2008 (Doc. 19-1, Exh. P), almost eleven years after the 1-year statute of limitations period had expired. As a result, neither the first notice of post-conviction relief, nor subsequent notices and petitions, tolled the limitations period under 28 U.S.C. § 2244(d)(2). *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed).

Even assuming the factual predicate of Petitioner's habeas claims could not have been previously discovered and the limitations period commenced in 2008, he would not have benefited from statutory tolling, and his federal habeas petition would remain untimely. Petitioner's post-conviction relief petitions were dismissed as untimely (Docs. 19-1, Exh. W; 19-2, Exh. CC; 19-3, Exh. LL) and would not have tolled the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Therefore, under this hypothetical, the limitations period would have expired one year later in 2009.

### C. Equitable Tolling of Limitations Period

Petitioner objects that the R&R wrongly found that he was not entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition) (internal quotations omitted). Petitioner objects by essentially rearguing the underlying merits of his ineffective assistance of counsel and *Brady* claims, and complains of generalized injustice by the state court. (Docs. 25, 29.) These arguments however, have no bearing on whether extraordinary circumstances prevented Petitioner from filing a timely federal habeas corpus petition. Rather, they merely challenge conduct that occurred in state court. Petitioner's challenges regarding whether

he exhausted his claims and his reliance on *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012) are also unavailing, because *Martinez* does not excuse the failure to timely file a federal habeas petition within the statute of limitations period.

Therefore, because Petitioner filed his original federal habeas petition in 2012, more than fifteen years after the deadline, and is not entitled to tolling, his claims are time-barred.[2]

### D. Innocence Exception to Limitations Period

Lastly, Petitioner objects to the R&R on the basis that his credible claim of actual innocence entitles him to have the merits of his petition considered. "[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period. *McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (also referred to as a "fundamental miscarriage of justice exception") (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), holding actual innocence is an exception to procedurally defaulted claims). Petitioner must establish that a constitutional error in his plea proceeding "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation omitted). This exception is applied in rare instances, and a "tenable actual-innocence gateway" claim will not be found unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*,

---

[2] In 2010, Petitioner was indicted for failure to register as a sex offender, and subsequently entered in to a guilty plea to an amended count of presentment of false instrument for filing. (Doc. 19-2, Exh. AA.) Prior to his plea and sentencing, in 2011, Petitioner filed a federal habeas petition in District Court, which was dismissed as premature (Doc. 19-3, Exh. II). The Court notes that, under the same reasoning here, the 2011 petition was also untimely at the time it was filed, and would not have produced a different outcome. *Cf. Sossa v. Diaz.* 729 F.3d 1225, (9th Cir. 2013) (discussing when a federal court's order may warrant equitable tolling).

653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").

The Court agrees with the Magistrate Judge's reasoning, and finds Petitioner does not present a gateway claim that meets the *Schlup* threshold. Petitioner maintains that there is a variety of evidence that existed in other cases involving the same victims and different men that should have been available to Petitioner in state court that would have proved his innocence and deterred him from accepting a plea. He argues that testing of medical evidence taken from a victim in one of the related cases, when considered in conjunction with the police reports from others, would have made his innocence evident.

Assuming, without deciding, that this evidence would cast doubt on the victims' credibility, it does not present a tenable actual innocence claim. The evidence does not disprove the victims' allegations against the other men, prove that the victims' accusations against Petitioner were fabricated, or is otherwise exonerating. In order to qualify for the innocence gateway exception, Petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" should he have rejected his plea, not evidence that is merely favorable and might have lessened the strength of the prosecution's case. *Schlup*, 513 U.S. at 316. This Court cannot say that, in assessing the likely impact of this evidence, that no reasonable juror could have voted to find him guilty. *See Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1936. Therefore, Petitioner has not shown that there is new evidence of actual innocence that justifies review of his time-barred claims.

**IV.  Conclusion**

Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. For the same reasons the Court finds that the petition is time-barred and that he has not presented a tenable innocence gateway claim, Petitioner's request for an evidentiary hearing and objection to the Magistrate Judge's denial of his request to conduct discovery equally fails. *See Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014) (evidentiary development is not required where, even if the new

evidence is fully credited, it would not entitle him to relief). Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Anderson's Report and Recommendation (Doc. 23) is **accepted** and **adopted** by the Court;

2. That the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 13) is **denied** and **dismissed with prejudice**;

**3.** That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

4. That the Clerk of Court shall **terminate** this action.

Dated this 30th day of July, 2015.

Honorable Steven P. Logan
United States District Judge